El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.

---

EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARTÍNEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por tentativa para cometer homicidio.

No. 1783.—Resuelto en julio 10, 1922.

ACOMETIMIENTO—ASESINATO—ALEGACIÓN—ACUSACIÓN SUFICIENTE.—En una acusación que imputa la comisión de un delito no es necesario emplear las palabras mismas del estatuto si el lenguaje usado describe claramente el delito; ni es tampoco necesario que en una acusación que imputa una tentativa para cometer asesinato se especifique el grado del asesinato.

ID.—ID.—OBJECIÓN.—Formulada por primera vez en apelación, o después de juramentado el jurado la objeción de haber sido jurada la acusación por el fiscal y no presentada por un gran jurado, no surtirá efecto si de la acusación aparece que esta última fué presentada por un gran jurado. La objeción es de forma y debe ser levantada oportunamente.

ID.—ID.—INSTRUCCIONES AL JURADO.—Cuando existe prueba de defensa propia el acusado tiene derecho a que se den al jurado instrucciones específicas sobre la defensa propia, sean o no éstas solicitadas expresamente por su abogado.

ID.—ID.—INTERROGATORIO POR EL JURADO.—Si bien los jurados tienen derecho a hacer preguntas, no es necesario que la corte les invite a hacerlas, pues es cosa delicada para los abogados el oponerse a las preguntas del jurado. El interrogatorio de testigos debe dejarse a los abogados.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. López Tizol.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Una acusación que por lo demás no es defectuosa, describe suficientemente un acometimiento para cometer asesinato y la cual en vez de usar la palabra "asesinato" expresa que el acusado "con deliberación y premeditación intentó matar." No es necesario emplear las palabras precisas del estatuto si el lenguaje usado describe el delito. Así lo he-

mos resuelto varias veces y recientemente en el caso de *El
Pueblo* v. *Avilés,* decidido en junio 22, 1922, (pág. 841).

Ni es necesario que una acusación deba expresar si la tentativa fué para cometer asesinato en primero o segundo grado,
cuestión que discutiremos con mayor extensión al considerar
el veredicto.

Levantada por primera vez en apelación o después de
juramentado el jurado una objeción de que la acusación aparece jurada por el fiscal en vez de ser presentada por un
Gran Jurado no puede servir a un acusado si aparece suficientemente en la acusación que fué presentada por el Gran
Jurado. La objeción es una de forma y debe ser levantada
debidamente.

Cuando un testigo declara sobre una conversación que
oyó entre el acusado y otra persona no es necesario que se
llame primero a dicha tercera persona. Las admisiones o
confesiones que de otro modo no son excepcionables pueden
ser ofrecidas como prueba y no importa a quién han sido
hechas.

No se comete error por negarse a permitir que un testigo
declare sobre la reputación de tener un carácter violento el
perjudicado a no ser que la prueba se ofrezca en relación con
los hechos tendentes a mostrar que la reputación del carácter
violento era conocida por el acusado. *El Pueblo* v. *Sutton,*
17 D. P. R. 345; *El Pueblo* v. *Lanausse,* resuelto en junio
2, 1922, (pág. 732).

En el interrogatorio de repreguntas no es impropio que
el fiscal pregunte a un testigo si está declarando de propio
conocimiento, o por haber sido informado, con tal que la
forma de la pregunta no sea ofensiva. Esta es una cuestión
que pertenece a la sana discreción de la corte.

Generalmente las preguntas sobre si un testigo ha estado
en la cárcel sólo deben permitirse, al formularse objeción,
cuando la contestación tienda a mostrar cierta depravación
moral en el testigo. Es sumamente dudoso si algunos de los

testigos impugnados en las repreguntas eran culpables de tal depravación moral. El alcance que puede tener el examen de repreguntas en este sentido es cuestión que debe ser considerada cuidadosamente por el fiscal en un nuevo juicio.

El punto noveno o alegado séptimo error de la corte es el más importante en este caso. Hubo prueba que no fué refutada de que el acusado y Amadeo Elías, o sea el perjudicado, tuvieron una disputa originada por divergencias políticas; que sea cual fuera la provocación Amadeo Elías, hombre de más fuerzas, agredió al acusado, le tiró al suelo y allí le pateó. Aunque hubo prueba de que los dos hombres de modo ostensible departían amistosamente y si bien hubo prueba de que el acusado buscó y obtuvo un revólver con la intención de usarlo contra Elías, sin embargo, el acusado y otros testigos declararon tendentes a mostrar que cuando el acusado se acercaba a su casa salió por detrás Elías y dijo: "¿No te has ido a dormir?" o palabras como esas y entonces volvió a tirarse encima del acusado; que el acusado entonces le disparó los tres tiros, de cuyos disparos hay prueba suficiente en los autos; que el acusado declaró que el revólver estuvo en su poder todo el tiempo y que no lo usó en el primer encuentro porque no tuvo oportunidad; que tenía miedo a Elías porque era más fuerte y debido al primer encuentro.

La corte en sus instrucciones manifestó al jurado que la teoría de la defensa era la defensa propia, siendo dicha teoría, en otras palabras, que el acusado fué objeto de suficiente provocación para realizar los hechos que se le imputan en la acusación. La corte entonces procedió a revisar la prueba de la defensa. En el curso de su análisis la corte dijo al jurado varias veces que si llegaban a la conclusión de que el acusado había actuado en defensa propia debían absolverlo, o palabras a ese efecto. Después la defensa solicitó de la corte que instruyera al jurado sobre la duda razonable a lo que accedió la corte. Entonces el abogado del acusado pidió a la corte que diera una instrucción al jurado sobre defensa

propia. La corte al momento dijo, y evidentemente en presencia del jurado, "No puedo dar instrucciones al jurado de defensa propia porque no consta de la prueba." Esto inequívocamente fué un error.

Desde luego, como hemos indicado recientemente en el caso de *El Pueblo* v. *Lanausse, supra,* si no existe prueba de defensa propia la corte no está obligada a instruir al jurado sobre la misma. Aquí, sin embargo, hubo fuerte prueba que de ser creída tendía a mostrar defensa propia. El jurado pudo no haber dado crédito a los testigos de defensa pero la corte no tenía derecho a decir que no había prueba de defensa propia. Casi parece como si hubiera algún error en los autos particularmente porque la corte ya había dicho al jurado que si ellos creían que el acusado había actuado en defensa propia deberían absolverlo.

Generalmente hemos sostenido que el acusado tiene derecho a instrucciones específicas sobre defensa propia cuando la prueba tiende a ese fin. A veces pudiera ser una práctica conveniente para los abogados hacer una súplica específica que comprenda los hechos, pero sin tal petición un acusado tiene derecho a que se den instrucciones en términos generales definiendo cuándo es que surge el derecho a la defensa propia. La situación del acusado hacia el jurado pudo haberse agravado por las observaciones de la corte.

El veredicto del jurado no era nulo y sin valor por razón de su forma. El jurado declaró culpable al acusado del delito de tentativa para cometer homicidio. La objeción es que el jurado debió haber expresado si el acusado era culpable de tentativa para cometer "homicidio voluntario" u "homicidio involuntario." Ahora bien, a falta de algo en sentido contrario estamos convencidos de que si bien el asesinato y el homicidio están divididos en grados, la tentativa para cometer ya asesinato o cualquier otro delito grave (*felony*) es sóla e indivisible. Es la tentativa para cometer un delito grave en particular lo que la ley castiga ya sea dicho *felony*

en sí divisible en grados o no. El veredicto del jurado hubiera estado justificado por el artículo 223 del Código Penal, el cual es como sigue:

"Artículo 223.—Toda persona que fuere culpable de asalto o agresión con intento de cometer algún delito grave (*felony*), excepción hecha de asesinato, y cuya pena no estuviere prescrita en el anterior artículo, incurrirá en la de presidio por un término máximo de cinco años o de cárcel por el máximo de un año, o multa que no excederá de quinientos dólares, o ambas penas, a discreción del tribunal."

El hecho de si el delito por el cual fué declarado culpable el acusado estaba comprendido en el delito que se imputa en la acusación es una cuestión acerca de la cual tenemos algunas dudas. La corte debe examinar la cuestión independientemente de nuestra duda.

Hubo otros errores alegados en el alegato corrientemente pero sin un señalamiento de errores. Por tanto, no discutiremos los errores restantes, ya porque no estuvieran bien fundados, o porque puedan ser fácilmente evitados en un nuevo juicio.

Algunas veces durante el curso del juicio después que un testigo había terminado de declarar la corte preguntaba al jurado si alguno de ellos deseaba hacer alguna pregunta. Esta no es una práctica conveniente. Aunque desde luego un jurado tiene el derecho de interrogar, no es necesario que la corte invite a hacer preguntas pues es una cuestión delicada para cualquiera de los abogados oponerse a las preguntas del jurado. Generalmente el examen de testigos debe dejarse a los abogados.

Debe revocarse la sentencia y ordenarse la celebración de un nuevo juicio.

*Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.